By the Court.
Oakley, Ch. J.
My brethren fully concur with me in tbe opinion, tbat I could not do otherwise than dismiss tbe complaint, and, consequently, tbat tbe judgment which followed must be affirmed.
There is no ground whatever fbr tbe presumption, tbat S. Cockcroft was a bolder of tbe note for value. It is true tbat tbe note was delivered to him by tbe defendant, but be bad no property in it, either at this time or at any subsequent period, nor was tbe delivery meant to give him any. Tbe note was payable, not to him, but to H. T. Moore or order, and consequently it was only from Moore’s endorsement, tbat any third person could derive a title. It is certain tbat tbe note was not endorsed by Moore when it was placed by Cockcroft as a security in tbe hands of tbe arbitrator. It was not endorsed at all until Moore bad obtained its possession from tbe arbitrator, and was then endorsed, not to Cockcroft, but to tbe plaintiffs. At no time, therefore, was S. Cockcroft, in any sense, tbe owner of tbe note, and we think tbat both tbe form and terms of tbe note, and tbe terms and conditions upon which it wjis deposited with tbe arbitrator, are sufficient evidence tbat it was made by tbe defendant merely as a surety for Cockcroft, and for bis sole accommodation. No proof, therefore, of a want of a valuable consideration as between him and tbe defendant was necessary to be given. It was implied in tbe very nature of tbe transaction. Tbe note was meant to be available to Moore only, and not to him unless be should acquire a title, by a subsequent breach of duty on the part of Cockcroft. Tbe only question therefore is, whether Moore became rightfully entitled to tbe possession of tbe note so as to enable him to pass a title to tbe plaintiffs. It is certain, tbat if Moore was not so entitled, tbe plaintiffs cannot be entitled to recover, since it cannot be pretended tbat they have any claim to protection as holders for value and without notice. There is no proof tbat tbe note was transferred to them upon a valuable con *138 sideration, and bad this proof been given, there is abundant evidence to charge them with notice of all the material facts affecting the title of Moore. The indemnity bond, in the execution of which two of them united, furnishes this evidence. It proves that they knew for what purpose the note was given, and by what means-Moore obtained its possession. If he had no right to claim its possession, in judgment of law, they knew that he had not. The cause must therefore be determined now exactly upon the same grounds that it must have been had the action been brought in the name of Moore himself.
The note was placed in the hands of the arbitrator as a security for Cockcroft’s performance of the award which the arbitrator was authorized to make. Hence it was not to be delivered to Moore unless a valid award should be made, with the terms of which Cockcroft should'refuse to comply. If no valid award was made, or if made, no breach of it by Cockcroft shown, the arbitrator’s delivery of the note to Moore was a breach of trust, and its possession by Moore, and its transfer to the plaintiffs wrongful and fraudulent. The plaintiffs have no title to the note, and the defendant is not liable to them or to anj^ one for its payment.
Was, then, the paper made and signed by the arbitrator a valid award?
It is an elementary and familiar rule, that an award must embrace all the matters contained in the submission, and that there must be a positive adjudication upon each. It is true that where the submission is not specific, but general, of all matters in difference or dispute, the award is valid, if it embraces all the matters of which the arbitrators had notice; but, on the other hand, it is wholly void when it appears either on the face of the award or from intrinsic proof that the arbitrators had notice of any matter covered by the submission which they failed to decide. (Watson on Arbit. p. 121, and cases there cited.)
The submission in the case before us was of all matters in dispute. It appears upon the face of the award, that certain moneys were claimed by Moore to be due to him from Cockcroft, and that the claim was disputed. It was therefore covered by the submission, but we think it also appears upon the face of the award ihq,t it was not passed upon by the arbitrator. The language of the arbitrator is, that this claim was not “ taken into *139 account," by which we understand him to mean, not that it was rejected by him or abandoned by Moore, but that he made no determination in respect to its validity. If the award, as made, had been acquiesced in and fully executed by the parties, and Moore had then brought an action to enforce his claim, we apprehend that the award would have been no bar to his recovery. His counsel would have said, and the court would have held, that the award, by its terms, left his demand open and undetermined ; and if such is its true construction, it is a necessary conclusion that it is absolutely void — void upon its face.
Let it be admitted, however, that the award may not unreasonably be construed as implying a rejection by the arbitrator of the claims of Moore, and was therefore valid. How has it been shown that Cockcroft failed to comply with any of its provisions ? The only provision it contains in favor of Moore, is that which awards to him the stock on hand and the moulding machine; but if the award is valid this provision executed itself, and required no act on the part of Cockcroft, or of any other person, to give it effect. If the award is valid,-it vested in Moore an immediate and absolute title to the stock and machine —a title which Cockcroft, by no subsequent act, could divest or impair. Hence, the award, if valid, contained no provision that was, or from its nature could, be violated by Cockcroft.
But we are told that the plaintiffs offered to show such a violation, by offering to .prove that the defendant and Cockcroft wrongfully took the stock and machine from the possession of Moore, and unlawfully detained them, and consequently that the rejection of this evidence was a manifest error. We do not think so. We are elearly of opinion that the offer made was properly rejected. It admitted in terms that Moore was in the actual possession of the stock and machine when the award was made and published. Hence, if the award is valid, he was, by force of it, in possession as sole and absolute owner, and as the acts offered to be proved did not and could not affect his title, it is plain that they were not a breach of the award, but were a naked trespass, for which the defendant, and all who acted under or with him, are responsible to Moore in damages. But it is absurd to suppose that the recovery of such damages could be sought and enforced even by Moore himself, in an action upon the note of *140 tbe defendant, and still more absurd to suppose tbat in sucb an action they could be recovered by tbe plaintiffs, by whom tbe damages were not sustained, and wbo, by tbe mere transfer of tbe note, could acquire no right to demand tbeir payment.
Nor is this tbe only reason that justifies tbe rejection of tbe evidence tbat was offered. There is another equally conclusive. It is tbat all tbat part of tbe award which relates to tbe stock and machine was superseded by tbe subsequent agreement of tbe parties.
We do not consider tbe memorandum at tbe foot of tbe award as a part of tbe award, or as in itself an award. If the award, which was completed and signed before the memorandum was made, embraced all tbe matters in dispute, it seems to us that the powers of-tbe arbitrator were exhausted, but if we suppose tbat it was competent to him to make an addition to tbe award before it was published, tbe memorandum is not sucb an addition; it is not a part of the award, for it decides nothing, and enjoins nothing, but is simply an expression of bis opinion, or, more correctly, a proposition made by him to the parties, which depended for its effect entirely upon tbeir subsequent agreement and assent. Without tbeir assent it was a nullity. It is true, tbeir acceptance on tbe back of tbeir award is evidence of tbeir assent. But what does this acceptance prove ? This, and no more than this: that Cockcroft agreed to purchase, and Moore agreed to sell to him, tbe stock and machine for a stipulated price, not tbat an award was made, binding Cockcroft to take tbe goods and pay tbe price; there was no sucb award.
If Cockcroft, as is alleged, has broken his agreement, if be has taken tbe goods, and refuses to pay for them, tbe remedy of Moore is against him in an action for tbe recovery of tbe goods, or tbeir value, or to compel tbe payment of tbe price; but be has not tbe shadow of a right to charge tbe defendant with the payment of a noté tbat was given for a widely different purpose, and for a purpose that has wholly failed. The note was given to secure tbe performance of an award, not tbe performance of an agreement. It was given to secure tbe payment of a debt tbat tbe award might create, and not to secure tbe payment of a debt that Cockcroft in the future exercise of bis own will might choose to incur.
*141 It is needless to go further in this discussion. It follows necessarily from tbe observations I have made, that tbe arbitrator violated bis duty by delivering to Moore tbe note in suit, and that Moore by its delivery acquired no right to enforce its payment, and has passed none to tbe plaintiff. As tbe contingency never happened upon which alone tbe note was to be delivered to Moore, it is wholly void, and ought to be cancelled or surrendered to tbe maker.
My brethren are of opinion that upon tbe evidence given upon tbe trial, I should have been fully justified in directing tbe jury to find a verdict for tbe defendant, but bis counsel asked only for a dismissal of tbe complaint, and tbe plaintiffs have certainly no right to complain of tbe judgment as less conclusive than that which might justly have been rendered. It must therefore be affirmed, with costs.
Judgment affirmed.